# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00388-MR

| | |
|---|---|
| TAYLOR NICOLE CURRY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 11] and the Defendant's Motion for Summary Judgment [Doc. 13].

## I.  PROCEDURAL HISTORY

Plaintiff, Taylor Nicole Curry, a minor under the age of 18, filed an application for supplemental security income through her mother on March 22, 2012, alleging an onset date of March 1, 2011. [Transcript ("T.") 81, 291]. The Plaintiff's claim was denied initially and on reconsideration. [T. 190, 205]. Upon the Plaintiff's request, a hearing was held on August 8, 2013, before Administrative Law Judge Charles R. Howard ("ALJ Howard"). [T. 214, 88-111]. On October 10, 2013, ALJ Howard issued a written decision

("the 2013 ALJ decision"), finding that the Plaintiff was not disabled within the meaning of the Social Security Act since March 22, 2012. [T. 161-178]. The Appeals Council issued a remand order on January 21, 2015, vacating the 2013 ALJ decision and remanding the case for further hearing. [T. 183-186]. A hearing was held on April 23, 2015, before ALJ Howard. [T. 112-132]. At the time of the hearing, Plaintiff was over the age of 18. [T. 60]. Plaintiff testified at this hearing, as did a vocational expert ("VE"). [T. 112]. On January 7, 2015, ALJ Howard issued a decision denying the Plaintiff benefits. [T. 60-81]. The Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-4]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to

uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE SEQUENTIAL EVALUATION PROCESS

A "disability" entitling a claimant to benefits under the Social Security Act, as relevant here, is "[the] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration Regulations set out a detailed five-step process for reviewing adult applications for disability. 20 C.F.R. §§ 404.1520, 416.920; Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden is on the claimant to make the requisite showing at the first four steps. Id.

In determining whether or not a child claimant is disabled, the ALJ follows a three-step sequential process. See 20 C.F.R. § 416.924. At step one, the ALJ determines whether the child claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If so, the child claimant's application is denied regardless of the medical condition, age, education, or work experience of the child claimant. Id. If not, the case progresses to step two, where the child claimant must show a severe impairment. 20 C.F.R. §

4

416.924(c). If the child claimant does not show that any medically determinable impairment is "severe," within the meaning of the regulations, then the child claimant is not disabled. Id.

At step three, the ALJ must determine whether one or more of the child claimant's impairments meets or equals one of the listed impairments ("Listings") found at 20 C.F.R. 404, Appendix 1 to Subpart P. 20 C.F.R. § 416.924(d). If a child claimant's impairments do not meet the severity of any listed impairment, the ALJ must then determine whether or not the child claimant's impairments result in limitations that functionally equal the Listings, by assessing the degree of functional limitation in six domains of functioning. 20 C.F.R. § 416.926a. The child claimant's impairment(s) must result in "marked" limitations in two domains of functioning or a "severe" limitation in one domain. 20 C.F.R. § 416.926a(a). If not, the child claimant is not disabled and the application for benefits must be denied. 20 C.F.R. § 416.924(d).

In determining whether or not an adult claimant is disabled, the ALJ follows a five-step sequential process. See 20 C.F.R. § 416.920. Steps one and two are the same as under the child standard. Compare 20 C.F.R. §§ 416.920(a)(4)(i), (ii) with id. §§ 416.924(b), (c). At step three, however, the ALJ must determine only whether one or more of the adult claimant's

impairments meets or equals one of the Listings. 20 C.F.R. § 416.920(a)(4)(iii). If so, the adult claimant is automatically deemed disabled regardless of age, education or work experience. Id. If not, before proceeding to step four, the ALJ must assess the adult claimant's residual functional capacity ("RFC"). The RFC is an administrative assessment of "the most" an adult claimant can still do on a "regular and continuing basis" notwithstanding the adult claimant's medically determinable impairments and the extent to which those impairments affect the adult claimant's ability to perform work-related functions. SSR 96-8p; 20 C.F.R. §§ 404.1546(c); 404.943(c); 416.945.

At step four, the adult claimant must show that his or her limitations prevent the adult claimant from performing his or her past work. 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 634. If the adult claimant can still perform his or her past work, then the adult claimant is not disabled. Id. Otherwise, the case progresses to the fifth step where the burden shifts to the Commissioner. At step five, the Commissioner must establish that, given the adult claimant's age, education, work experience, and RFC, the adult claimant can perform alternative work which exists in substantial numbers in the national economy. Id.; Hines v. Barnhart, 453 F.3d 559, 567 (4th Cir. 2006). "The Commissioner typically offers this evidence through the

testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." 20 C.F.R. §§ 404.1520, 416.920; Mascio, 780 F.3d at 635. If the Commissioner succeeds in shouldering her burden at step five, the adult claimant is not disabled and the application for benefits must be denied. Id. Otherwise, the adult claimant is entitled to benefits. In this case, the ALJ rendered a determination adverse to the Plaintiff at the third step under the child standard and at the fifth step under the adult standard.

## IV. THE ALJ'S DECISION

In determining whether the Plaintiff was disabled, the ALJ undertook two separate analyses: first, whether the Plaintiff was disabled for the period before attaining age 18; and second, whether the Plaintiff was disabled since attaining age 18. In applying these analyses, the ALJ found that the Plaintiff was in the "Adolescents (age 12 to attainment of age 18)" age group on March 22, 2012, the date the application was filed, and attained age 18 on November 16, 2014. [T. 65].

The ALJ, in determining whether the Plaintiff was disabled for the period before attaining age 18, applied the three-step sequential process. [T. 65-77]. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 1, 2011. [T.

65, 81, 293]. At step two, the ALJ found that the medical evidence established that the Plaintiff, before attaining age 18, had the following severe impairments: migraines, fibromyalgia, mild degenerative changes of the knees, diabetes, hypertension, asthma, obesity, anxiety, depression, and panic disorder. [T. 65]. At step three, the ALJ determined that the Plaintiff, before attaining age 18, did not have an impairment or combination of impairments that meets, medically equals, or functionally equals the Listings. [T. 77]. The ALJ therefore concluded that the Plaintiff, before attaining age 18, was not "disabled" as defined by the Social Security Act. [T. 77, 81].

The ALJ, in determining whether the Plaintiff was disabled for the period after attaining age 18, applied the five-step sequential process. [T. 65, 77-81]. At step one, the ALJ had already found that the Plaintiff had not engaged in substantial gainful activity since the alleged onset date of March 1, 2011. [T. 65]. At step two, the ALJ found that the Plaintiff, since attaining age 18, had not developed any new impairments but continued to have the same severe medically determinable impairments. [T. 77]. At step three, the ALJ determined that the Plaintiff, since attaining age 18, did not have an impairment or combination of impairments that meets or medically equals the Listings. [Id.]

The ALJ then determined that the Plaintiff, notwithstanding her impairments, has the RFC:

> [T]o perform sedentary work as defined in 20 C.F.R. § 416.967(a) except limited to the following: no climbing ladders, ropes or scaffolds; no more than occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling; no concentrated exposure to pulmonary irritants and hazards; able to perform simple, routine, repetitive tasks; able to maintain concentration and persistence for simple, routine, repetitive tasks for two-hour segments; able to adapt to routine changes in a work setting; and limited to work that requires no more than occasional interaction with the public, co-workers and supervisors.

[T. 78-79].

At step four, the ALJ identified the Plaintiff has a limited education, no past relevant work, and is a younger individual age 18-44. [T. 80]. At step five, based on the testimony of the VE, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she is able to perform. [Id.] The ALJ therefore concluded that the Plaintiff was not "disabled" as defined by the Social Security Act from November 16, 2014, the day the claimant attained age 18, through the date of the ALJ's decision. [T. 81].

## V. DISCUSSION[1]

The Plaintiff asserts one assignment of error, namely that the ALJ "committed error to the prejudice of the Plaintiff in his evaluation of the [V]ocational [E]xpert's testimony." [Doc.12 at 12]. After asserting this one assignment of error, the Plaintiff does not proceed to articulate any analysis or meaningful legal arguments in support thereof. Instead, the Plaintiff makes numerous conclusory assertions of error that do not appear to relate directly to the assignment of error identified.

Members of the Social Security bar, including the Plaintiff's counsel, have been warned repeatedly that this Court will consider only those legal arguments properly set forth in a separate assignment of error. See, e.g., Powell v. Berryhill, No. 1:16-CV-00268-MR, 2017 WL 4354738 at *2 (W.D.N.C. Sept. 29, 2017) (Reidinger, J.); Sanders v. Berryhill, No. 1:16cv236, 2017 WL 3083730, at *3 (W.D.N.C. June 12, 2017) (Howell, Mag. J.), adopted by, 2017 WL 3083261 (W.D.N.C. July 19, 2017); Mason v. Berryhill, No. 1:16cv148, 2017 WL 2664211, at *4 (W.D.N.C. May 30, 2017) (Howell, Mag. J.), adopted by, 2017 WL 2662987 (W.D.N.C. June 20, 2017); Demag v. Berryhill, No. 1:15-CV-00229-MR, 2017 WL 927258, at *5 n.5

---
[1] Rather than set forth the relevant facts in a separate section, the Court has incorporated the relevant facts into its legal analysis.

(W.D.N.C. Mar. 8, 2017) (Reidinger, J.); Woods v. Colvin, No. 1:16cv58, 2017 WL 1196467, at *4 n.2 (W.D.N.C. Feb. 8, 2017) (Howell, Mag. J.) (collecting cases), adopted by, 2017 WL 1190920 (W.D.N.C. Mar. 29, 2017); Armstrong v. Colvin, No. 5:15cv110, 2016 WL 7200058, at *3 n.2 (W.D.N.C. Sept. 2, 2016) (Howell, Mag. J.), adopted by, 2016 WL 6652455 (W.D.N.C. Nov. 9, 2016); McClellan v. Astrue, No. 1:12-CV-00255-MR-DLH, 2013 WL 5786839, at *3 n.2 (W.D.N.C. Oct. 28, 2013) (Reidinger, J.) (adopting Memorandum and Recommendation of Howell, Mag. J.). Accordingly, to the extent that the Plaintiff attempts to weave any other legal arguments or errors into his sole assignment of error, the Court disregards those arguments.[2]

---

[2] Even if the Plaintiff had properly presented these arguments as separate assignments of error, the Court would still conclude that remand is not warranted. First, there is substantial evidence in the record to support the ALJ's determination that the testimony of the Plaintiff and her mother was not fully credible. Second, there is substantial evidence in the record to support the ALJ's assignment of little weight to the opinion evidence from Ms. Gaines and Dr. Barnett. Third, the Plaintiff's assertion that the Appeals Council did not respond to Plaintiff's prior counsel's request for the VE's testimony until after denying review, is inapplicable to the Court's review of the ALJ's decision. [Doc. 12 at 22]. Moreover, the record indicates that the Appeals Council did respond before denying review and explained that Plaintiff's prior counsel had access to the requested materials through the Appointed Representative Services website. [See T. 1, 8, 15].

Finally, Plaintiff's argument based on Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), is inapplicable. In Mascio, the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Id. at 638 (citation and internal quotation marks omitted). Here, however, the ALJ's findings included that not only is Plaintiff limited "to perform simple, routine, repetitive tasks," but also "able to maintain concentration and persistence for simple, routine, repetitive tasks for two-hour segments; able to adapt to routine changes in a work setting; and limited to work that requires no more than occasional interaction with the public, co-workers and supervisors." [T. 78-79]. In so finding, the ALJ sufficiently explained his determination, which is supported by

11

In questioning a VE, an ALJ must pose hypothetical questions that are based upon a consideration of all relevant evidence of record regarding the claimant's impairment. See Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005); English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993).

Here, the ALJ presented the following hypothetical to the VE:

> [A]ssume sedentary exertion; no climbing ladders, ropes, or scaffolds; no more than occasional climbing ramps or stairs; no more than occasional balancing, stooping, kneeling, crouching, or crawling; no concentrated exposure to pulmonary irritants or hazards. Additionally, assume that she could only perform and maintain concentration for simple, routine, repetitive tasks; adapt to routine changes in the work setting; and then finally, that she'd be limited to no more than occasional interaction with the public, co-workers, and supervisors. Would a hypothetical individual of her age, education, and relevant work experience, with those limits, be able to perform other work?

[T. 129-130]. The VE responded in the affirmative, indicating that the following jobs would be available: document preparer (1,100 jobs in North Carolina and at least 44,900 jobs in the United States economy); order clerk (2,300 jobs in North Carolina and at least 55,000 jobs in the United States

---

substantial evidence in the record. [See T. 69-79]. As such, Mascio is simply not applicable in this case.

economy); and weave-defect clerk (4,500 jobs in North Carolina and at least 55,000 jobs in the United States economy). [T. 130].

The ALJ then posed a second hypothetical with the same physical limitations but adding the nonexertional limitations as set forth in the assessments of Dr. Barnett and Diane Gaines, LPC, plus the limitation that Plaintiff would have a substantial or marked loss in her ability to perform at least one of the basic mental demands of unskilled work. [T. 130]. The VE responded that an individual with such limitations would not be able to perform other work. [T. 131]. Notwithstanding this opinion from the VE, the ALJ found the Plaintiff to be not disabled because he ultimately gave little weight to the assessments of Dr. Barnett and Ms. Gaines. [T. 79].

Plaintiff makes no argument as to what error she asserts in this evaluation of the VE's testimony. The ALJ adopted the opinion of the VE that is consistent with the limitations that he found. Notwithstanding the absence of an assignment of error, the Plaintiff then appears to go on to argue that the ALJ should not have rejected the opinions of Dr. Barnett and Ms. Gaines. It is not the Court's responsibility, however, to decipher the ramblings of counsel. While there is some evidence in the record to support the opinions of Dr. Barnett and Ms. Gaines, the ALJ explained why he gave them little

weight. The ALJ's conclusion is supported by the substantial evidence he cited.

For these reasons, the Plaintiff's assignment of error is without merit.

## O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 11] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 13] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is hereby **DISMISSED**. A judgment shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: March 12, 2018

Martin Reidinger
United States District Judge